UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually and as the representative of a class of similarly-situated persons, | Civil Action No. 1:17-cv-466 |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| ADDISON HEALTH SYSTEMS, INC., and JOHN DOES 1-5, | |
| Defendants. | |

Plaintiff Physicians Healthsource, Inc. ("PHI" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Addison Health Systems, Inc. and John Does 1-5 (collectively referred to as "Addison Health Systems"):

## PRELIMINARY STATEMENT

1. This case involves the sending of unsolicited advertisements via facsimile.

2. The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

3. Addison Health System sent an unsolicited advertisement to PHI on March 4, 2014 via facsimile (the "3/4 Fax Ad"). A copy of the 3/4 Fax Ad is attached hereto as Exhibit A. The 3/4 Fax Ad promotes the commercial availability and/or quality of Addison Health Systems'

services.

4. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself. A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. Based on information, belief, and the appearance of the 3/4 Fax Ad itself, Addison Health Systems also sent the 3/4 Fax Ad to numerous other persons via their respective fax machines. Addison Health Systems will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6. On behalf of itself and all others similarly situated, PHI brings this case as a class action asserting claims against Addison Health Systems under the JFPA.

7. The claims of PHI and the other recipients of the 3/4 Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Addison Health Systems, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500.00 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

9. This Court has personal jurisdiction over Addison Health Systems because Addison Health Systems transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

10. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

11. Physicians Healthsource is an Ohio corporation, and it operates a medical clinic located at 3328 Westbourne Drive in Cincinnati, Ohio 45248.

12. Addison Health Systems, Inc. is a Texas corporation, and its principal place of business is located at 4823 Broadway Street, Addison, Texas 75001.

13. Addison Health Systems sells software designed to assist chiropractic offices with management of electronic health records, scheduling, patient engagement, *etc.*

14. John Does 1-5 assisted Addison Health Systems in its facsimile advertising activities by providing a list of fax numbers, transmitting the 3/4 Fax Ad, providing advice or assistance on the content of the 3/4 Fax Ad, etc. The identity of the John Doe defendants is not presently known but will be identified through discovery.

## FACTS

15. Addison Health Systems sent material to PHI via its office facsimile machine that promoted the commercial activity availability or quality of Addison Health Systems' goods or services on March 4, 2014.

16. Addison Health Systems did not seek or obtain permission from PHI to send an ad to PHI's facsimile machine prior to doing so.

17. The 3/4 Fax Ad did not contain an opt-out notice that complied with the requirements of the JFPA.

18. Based on information, belief, and the appearance of the 3/4 Fax Ad, Addison Health Systems sent the 3/4 Fax Ad to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

19. In accordance with Fed. R. Civ. P. 23, PHI brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the 3/4 Fax Ad or similar material (3) via facsimile (4) by or on behalf of Addison Health Systems." This class of persons constitutes the putative class members. PHI may amend the class definition after discovery identifies potential class members, additional facsimile advertisements, and/or the contours of the class.

20. <u>Numerosity</u>: Based on information, belief, and the appearance of the 3/4 Fax Ad, the number of putative class members exceeds forty. 3/4 Fax Ads are typically sent to hundreds if not thousands of persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

21. <u>Commonality</u>: Common questions of law and fact apply to the claims of the putative class members. These include the following:

    (a)    Whether the 3/4 Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;

    (b)    How Addison Health Systems compiled or obtained the list of fax numbers to which the 3/4 Fax Ad was sent;

    (c)    Whether Addison Health Systems obtained "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the 3/4 Fax Ad;

(d) Whether the 3/4 Fax Ad contained an opt-out notice that complied with the requirements of the JFPA;

(e) Whether Addison Health Systems violated the JFPA and the regulations promulgated thereunder with regard to the 3/4 Fax Ad; and

(f) Whether Addison Health Systems sent the 3/4 Fax Ad intentionally, knowingly, or willfully.

22. <u>Typicality</u>: PHI's claims are typical of the claims of the putative class members. PHI is asserting the same claim under the same federal statute as the other members of the putative class. PHI is also seeking the same relief for itself and the other members of the putative class.

23. <u>Adequacy</u>: PHI will fairly and adequately represent the interests of the putative class members. PHI has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

24. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

(a) PHI's claim depends on the same factual and legal issues as that of the putative class members;

(b) the evidence supporting Addison Health Systems' likely defenses will come solely from Addison Health Systems' own records and will not require any information or inquiries from individual class members;

(c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

(d) the identity of the putative class members can be readily ascertained from Addison Health Systems' or its agents' computer records, phone records, or other business records.

25. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

    (a)    the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b)    the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

    (c)    many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

    (d)    the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## **CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA**

26. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1).

28. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

29. Addison Health Systems sent the 3/4 Fax Ad to the facsimile machines of PHI and numerous other persons.

30. The 3/4 Fax Ad promotes the commercial availability and/or quality of the goods and/or services of Addison Health Systems.

31. Addison Health Systems did not obtain prior express invitation or permission

6

from PHI before sending the 3/4 Fax Ad to PHI's fax machine.

32. Addison Health Systems' conduct has caused PHI and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Physicians Healthsource, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Addison Health Systems, Inc. and John Does 1-5, as follows:

(1) that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Physicians Healthsource as the representative of the class, and appoint Physicians Healthsource's counsel as counsel for the class;

(2) that the Court award actual or statutory damages to Physicians Healthsource and the other members of the class for each violation of the JFPA by Addison Health Systems;

(3) that the Court enjoin Addison Health Systems from additional violations of the JFPA; and

(4) that the Court award Physicians Healthsource pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

PHYSICIANS HEALTHSOURCE, INC.,
individually and as the representative of a class of similarly-situated persons,

*/s/Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW W. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, OH 45202
Telephone: 513-241-4722
Facsimile: 513-241-8775 (fax)
Email: gjonson@mrjlaw.com
       mstubbs@mrjlaw.com